STATE of Iowa, Appellee,

v.

Robert Wayne EICHORN, Appellant.

No. 66618.

Supreme Court of Iowa.

Oct. 27, 1982.

Francis C. Hoyt, Jr., Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., and William E. Davis, Scott County Atty., for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves a charge of a different crime after the speedy-trial period had elapsed on an original charge.

On August 7, 1979, two men kicked open the door of the home of Mr. and Mrs. Paul Lord and robbed them. One of the men was defendant Robert Wayne Eichorn. The other man was armed with a gun. Officers arrested defendant on April 14, 1980, and on April 18, 1980, the county attorney charged him by information with first-degree *robbery* of the Lords. Defendant was not arraigned or tried on that charge.

On July 18, 1980, the county attorney filed another information against defendant, this time charging him with first-degree *burglary* based on the same incident. Robbery and first-degree robbery are defined thus in sections 711.1 and 711.2 of the Iowa Code of 1979:

711.1. A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:

1. Commits an assault upon another.
2. Threatens another with or purposely puts another in fear of immediate serious injury.
3. Threatens to commit immediately any forcible felony.

It is immaterial to the question of guilt or innocence of robbery that property was or was not actually stolen.

711.2. A person commits robbery in the first degree when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon. Robbery in the first degree is a class "B" felony.

Burglary and first-degree burglary are defined as follows in sections 713.1 and 713.2 of the Code:

713.1. Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief, such occupied structure or place not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure or other place where anything of value is kept, commits burglary.

713.2. A person commits burglary in the first degree if, while perpetrating a burglary, the person has in his or her possession an explosive or incendiary device or material, or a dangerous weapon, or intentionally or recklessly inflicts physical injury on any person. Burglary in the first degree is a class "B" felony.

Defendant moved to dismiss both informations, citing the rules requiring speedy indictments and trials. The district court sustained the motion as to the first information but overruled it as to the second one. At trial on the second information, the trial court submitted special interrogatories to the jury regarding use of a firearm in the burglary, and the jury responded affirmatively. The jury found defendant guilty of a first-degree burglary. The trial court then sentenced him, and included the mandatory five-year minimum on account of the use of a gun. Iowa Code § 902.7 (1979). Defendant appealed.

■ I. We may treat defendant's contentions together regarding speedy indictment and speedy trial, as the same considerations apply. Involved is a logical extension of our holdings in *State v. Johnson,* 217 N.W.2d 609 (Iowa 1974), *State v. Stewart,* 223 N.W.2d 250 (Iowa 1974), *State v. Burton,* 231 N.W.2d 577 (Iowa 1975), *State v. Moritz,* 293 N.W.2d 235 (Iowa 1980), and *State v. Sunclades,* 305 N.W.2d 491 (Iowa 1981). *See also State v. Combs,* 316 N.W.2d 880 (Iowa 1982). Comparison of the elements of robbery and burglary in the definitions previously quoted demonstrates that the two crimes are different; they do not consist of the same elements. We thus have two different crimes charged in tandem, growing out of a single state of facts. This is permissible under the principles of the cited decisions, just as two different crimes growing out of a single occurrence can be charged simultaneously. Iowa R.Crim.P. 6(1) ("When the conduct of a defendant may establish the commission of more than one public offense arising out of the same transaction or occurrence, the defendant may be prosecuted for each of such offenses."). Rule 6(1) permits, but does not require, that multiple offenses be charged together.

■ Defendant argues that under rule 27(2)(a), the forty-five days to indict (or to file trial information) ran from the time of arrest and that defendant was only arrested once—when he was originally apprehended more than forty-five days before the burglary information was filed. The time does run from arrest, but the question is, what is the time of arrest for a defendant who is already incarcerated under another charge growing out of the same or another incident, or perhaps under a previous conviction growing out of that or a different incident? Under such facts we deem the time of

arrest to be the time the new charge is filed. We do not think the officers should have to engage in an idle ceremony of releasing the accused into the street and then retrieving him into the jail.

Defendant also argues that the prosecution treated him unfairly in letting time run out on the robbery charge and then charging a different crime. The record does not disclose that the prosecutor was trying to abuse or oppress defendant; he simply let the time expire. In *Combs* the prosecutor actually lost the first case after trial, but we permitted a second charge to be filed of a different crime based on the same event.

Nor does this case present unconstitutional delay under the four-step test in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101, 116 (1972). *See State v. Bass,* 320 N.W.2d 824, 829–31 (Iowa 1982).

II. *Effective assistance of counsel.* The burglary information did not contain the required allegation of the use of a gun. Iowa Code § 902.7 (1979) (mandatory five-year minimum sentence); Iowa R.Crim.P. 6(6), 21(2). When the trial court submitted interrogatories to the jury inquiring about a gun, defendant's trial counsel did not object that the information contained no such allegation. Defendant now contends that the failure to object was not within the normal range of competency for a defense attorney. Defendant "requests this Court to remand this case for re-sentencing and deletion of the mandatory minimum sentence imposed pursuant to § 902.7, The Code."

This is another case in which the record is inadequate for determination of the charge of inadequate assistance of counsel. *State v. Don,* 318 N.W.2d 801, 807 (Iowa 1982). If defendant wishes to pursue this issue, he can initiate postconviction proceedings under chapter 663A of the Iowa Code.

AFFIRMED.