**STATE of Iowa, Appellee,**

v.

**Carmen L. BOELMAN, Appellant.**

**No. 68735.**

Supreme Court of Iowa.

March 16, 1983.

---

\* Senior Judge.

Donald L. Juhl and Richard R. Vander Mey, Nevada, for appellant.

Thomas J. Miller, Atty. Gen., Roxann Ryan, Asst. Atty. Gen., and Jeffrey Corzatt, Tama County Atty., for appellee.

Considered by LeGRAND, P.J.,\* and HARRIS, McCORMICK, McGIVERIN and CARTER, JJ.

McCORMICK, Justice.

The case presents a question under Iowa R.Crim.P. 27(2)(a). In relevant part, the rule requires that when an adult is arrested for a public offense "and an indictment is not found within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto." The trial court overruled defendant Carmen Boelman's motion to dismiss the trial information alleging breach of this rule. She was subsequently convicted of the charge of false use of a financial instrument (FUFI) and appealed. The sole controversy concerns the date defendant was arrested for purposes of the speedy indictment rule. Because the evidence does not establish as a matter of law that she was arrested more than forty-five days before the filing of the trial information, we affirm the trial court.

Certain events are undisputed. On August 3, 1981, Tama County authorities obtained a warrant for defendant's arrest on the FUFI charge. It was sent to Linn County where defendant was incarcerated awaiting a probation revocation hearing.

On August 10, 1981, the revocation hearing was held and the application to revoke was denied. On August 18, 1981, two Tama County deputy sheriffs visited defendant in the Linn County jail to obtain handwriting exemplars. Later that day, the deputies learned the Linn County revocation proceeding had been dismissed August 10th. They obtained custody of defendant and returned her to Tama County for an initial appearance. She was informed against on the FUFI charge on October 1, 1981. This date was more than forty-five days after August 10th but less than forty-five days after August 18th. The State does not rely on good cause or waiver of the speedy-indictment provision of the rule. The sole issue is whether defendant was arrested on August 10th or August 18th.

The trial court did not make a specific factfinding on the issue. Instead the court merely entered an order overruling defendant's motion to dismiss. In these circumstances, although we regret we cannot tell the basis of the court's ruling, we presume the court decided the facts necessary to support its decision in the State's favor. See *City of Des Moines v. Huff,* 232 N.W.2d 574, 576 (Iowa 1975). Moreover, because our review is at law, we are bound by findings of fact supported by substantial evidence. See *State v. LaPlant,* 244 N.W.2d 240, 242 (Iowa 1976). Defendant is entitled to prevail only if her evidence was so strong the trial court was compelled to rule for her as a matter of law. *Roland A. Wilson v. Forty-O-Four Grand Corporation,* 246 N.W.2d 922, 925 (Iowa 1976).

We note preliminarily that this case is not governed by *State v. Eichorn,* 325 N.W.2d 95, 96–97 (Iowa 1982). In that case this court held that when authorities bring a new charge against a person already in their custody, the time of arrest for purposes of rule 27(2)(a) is deemed to be the time the new charge is filed. In the present case defendant was not in the custody of Tama County authorities when the charge was brought there. Therefore she could not be deemed to be "arrested" by the mere bringing of the Tama County charge.

The record contains conflicting evidence concerning when defendant was arrested on the FUFI charge. The Tama County deputies testified that although the original of their warrant was in defendant's file at the Linn County jail before August 18th, defendant was not arrested until one of them served the warrant on her on August 18th. They testified that she was held in the Linn County jail from August 10th until August 18th because of a failure of the Linn County clerk to notify the sheriff that she was to be released from detention on the revocation matter. Defendant denied that she was arrested on August 18th. She said she did not see the warrant until she was on her way to Tama County. She asserted, however, that she had been shown a teletype document by a Linn County deputy on August 10th and that she was told by him she was under arrest on the FUFI charge at that time.

We assume, without deciding, that if defendant's testimony were true, she would have been arrested on August 10th for purposes of rule 27(2)(a). An arrest may occur without formal service of a warrant. See *State v. Schmitt,* 290 N.W.2d 24, 26 (Iowa 1980). The trial court, however, was not obliged to believe defendant's testimony. We are unable to say defendant established as a matter of law that she was arrested on August 10th. The court could find, as it apparently did, that she was not arrested until August 18th.

Because the trial information was filed within forty-five days of that date, the trial court did not err in refusing to dismiss the case for breach of rule 27(2)(a).

AFFIRMED.