STATE of Iowa, Appellee,

v.

Christopher Lee BRUNDT, Appellant.

No. 84–95.

Supreme Court of Iowa.

Oct. 17, 1984.

David S. Nelson, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and Denver D. Dillard, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

Defendant Christopher Lee Brundt appeals from judgment of conviction of the offense of operating a motor vehicle under the influence of intoxicants, contrary to Iowa Code section 321.281 (1981).

The single issue on appeal flows from defendant's contention that the trial information which initiated the present criminal prosecution was not filed within forty-five days of his arrest as required by Iowa Rule of Criminal Procedure 27(2)(a). Defendant first made this contention in a motion to dismiss the information filed in advance of trial. In order to sustain this claim, the defendant must demonstrate that he was arrested on the present charge more than forty-five days prior to February 2, 1983. The trial court found that he was not, and we hold that that finding is supported by substantial evidence and dispositive of the claim made on appeal.

Defendant's motion to dismiss the information was submitted on agreed facts. From the record, it appears that, at the time the offense is alleged to have been committed, defendant was involved in an automobile collision which produced injuries rendering him unconscious for a period of approximately eleven days. Soon after the collision, defendant was taken to a hospital where, at the request of a peace officer made pursuant to Iowa Code chapter 321B, a licensed physician certified that defendant was unconscious and incapable of giving consent or refusal to a chemical test. Following such certification, a chemical test was performed on a sample of defendant's blood. The results of that test were used in evidence against defendant at his trial on the present charge. No objection has been made by defendant to the propriety of the procedures under which a sample of his blood was chemically tested.

The State certified at the hearing on the motion to dismiss that no formal arrest of the defendant was made prior to the filing of the trial information and that in lieu of arrest he had been given a citation to appear in court. The defendant does not

dispute this fact but asserts, nevertheless, that there was a constructive arrest in connection with the withdrawal of a sample of his blood. His contention in his trial court motion was premised upon his belief that Iowa Code section 321B.3 (1981) was applicable to this case and mandated that a chemical test could be demanded "only after the peace officer has placed such person under arrest for the offense of operating a motor vehicle while under the influence of an alcoholic beverage." With respect to his claim of constructive arrest, defendant urges that the State must be deemed to have done that which it was required to do in order to proceed with a withdrawal of his blood.

We reject defendant's contentions for two reasons. First, even if the 1981 Code is to be applied, section 321B.5 (1981) makes it clear that, notwithstanding the provisions of section 321B.3 (1981), a physician's certificate of incapacity such as was secured by the peace officers in the present case obviates the requirement of arrest. Second, it is significant that those sections of the 1981 Code relied on in defendant's trial court motion had been substantially amended effective several months prior to the commission of the present offense.

In 1982 Iowa Acts chapter 1167, section 15 (now codified as Iowa Code section 321B.4 (1983)), it is provided that a prior arrest is not a condition for demand of a chemical test where the suspect has refused to take a preliminary breath screening test, has recorded a score of more than ten hundredths of one percent on a preliminary breath screening test, or has been involved in a motor vehicle accident or collision resulting in personal injury or death. In denying defendant's motion to dismiss in the present case, the trial court invoked the latter statute and found that the taking of the chemical test in the present case was predicated on defendant's involvement in a motor vehicle accident resulting in personal injury, was not predicated upon his arrest, and that there had been no such arrest. These facts are supported by substantial evidence and are dispositive of defendant's

challenge to the timeliness of the filing of the trial information. *See State v. Boelman*, 330 N.W.2d 794, 795 (Iowa 1983). The judgment of the trial court is affirmed.

AFFIRMED.