**CITY OF SERGEANT BLUFF, Appellant,**

**v.**

**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Appellee.**

**No. 85–801.**

Supreme Court of Iowa.

March 19, 1986.

John D. Ackerman of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellant.

Kevin M. Soule of Gamble, Riepe, Webster, Davis & Green, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

The city of Sergeant Bluff (the City) has been granted discretionary review of a district court decision reversing a simple misdemeanor conviction of the Chicago and North Western Transportation Company (the carrier) for blocking a grade crossing for longer than permitted under a city ordinance. The misdemeanor citation had been tried before a district associate judge who found the carrier guilty. The appeal to a district judge was pursuant to Iowa Rule of Criminal Procedure 54. The district judge overturned the finding of guilty based upon his conclusion that the situation with which the carrier was confronted fell under an exception to the ordinance for action taken "to avoid striking any object or person on the track."

The applicable provisions of the ordinance provide:

It is unlawful for any railroad corporation or its employees to operate any train in such a manner as to prevent vehicular use of any highway, street or alley for a period of time in excess of five minutes except:

. . . .

2. When necessary to avoid striking any object or person on the track. . . .

The City contends that the district judge who heard the carrier's appeal under rule 54 erred in considering an issue on appeal which had not been urged at the trial before the district associate judge. Specifically, it is contended that no reliance was placed on the proviso contained in subparagraph (2) of the ordinance at the time the case was originally tried. In the alternative, the City argues that whether the time which the carrier took in blocking the crossing was "necessary to avoid striking any object or person on the track" was an issue of fact. It further urges that, in reviewing the decision of the district associate judge, it must be assumed that he resolved all necessary factual issues against the carrier in arriving at a finding of guilt, even though no specific finding on the applicability of subparagraph (2) appears in his written decision. We separately consider the contentions advanced by the appellant.

Prior to January 1, 1978, Iowa Code section 762.43 provided that an appeal to a district judge from a decision by a district associate judge or magistrate involved a "trial anew." This was determined to mean that the district court heard the case as if there had been no prior proceedings. *City of Des Moines v. Putzier*, 264 N.W.2d 733, 735 (Iowa 1978). Effective January 1, 1978, section 762.43 was repealed and replaced by Iowa Rule of Criminal Procedure 54, which provides, in part:

[T]he appeal shall be submitted to the court on the record. . . . If the court, on its own motion or motion of a party, finds the record inadequate, it may order the presentation of further evidence. . . . Findings of fact in the original action shall be binding on the judge deciding the appeal if they are supported by substantial evidence. The judge deciding the appeal may affirm, or reverse and enter judgment as if the case were being originally tried, or enter any judgment which is just under the circumstances.

It is the contention of the City that, since the adoption of rule 54, the appeal of a misdemeanor conviction to a district judge does not present a "trial anew." It must be considered on the record made at the original trial before the district associate judge or magistrate unless that record is inadequate. The City contends that determination of the appeal on the record limits the district judge in deciding issues of law as well as issues of fact.

■ We will assume for purposes of deciding this case that by abandoning the "trial anew" concept embodied in the former procedure, rule 54 precludes consideration on appeal of legal issues not properly

preserved at the original trial. We believe, however, that the record demonstrates that the carrier did all that was necessary at the original trial to shift the burden of persuasion to the City with respect to disproving the applicability of the proviso contained in subparagraph (2) of the ordinance. The carrier presented evidence of the presence and location of another train on the main line passing through Sergeant Bluff which caused the train involved in the present case to stop and back up. Evidence of a gambling license was all that was necessary under *State v. Wilt*, 333 N.W.2d 457, 463 (Iowa 1983) to trigger the application of a proviso which shifted the burden of persuasion to the State on the ultimate issue of guilt.

■ The City's alternative contention that, when the case reached the district judge, all factual questions surrounding the applicability of the proviso had been determined adversely to the carrier finds support in *State v. Boelman*, 330 N.W.2d 794, 795 (Iowa 1983). We there stated:

> The trial court did not make a specific factfinding on the issue. Instead the court merely entered an order overruling defendant's motion to dismiss. In these circumstances, although we regret we cannot tell the basis of the court's ruling, we presume the court decided the facts necessary to support its decision in the State's favor.... Defendant is entitled to prevail only if her evidence was so strong the trial court was compelled to rule for her as a matter of law.

*Id.* at 795 (citations omitted).

■ Our review of the record convinces us that the district associate judge was not compelled to rule in the carrier's favor as a matter of law with respect to the applicability of the proviso. The primary basis for this conclusion is that the record indicates the other train which the carrier asserts was an "object" on the track was another coal train of the Chicago and North Western Transportation Company. In considering whether the carrier's conduct violated the city ordinance, it must be considered to be responsible for the actions of all of the instrumentalities which it is directing. *See* 18B Am.Jur.2d *Corporations* 1672 (1985). It cannot arrange its affairs so as to create its own exigency for purposes of escaping the provisions of the ordinance. There is no indication in the record of any emergency or other circumstance beyond the carrier's control which required it to have two coal trains located in such proximity to one another that a violation of the ordinance was thereby compelled.

We conclude that the issue of the carrier's guilt was, with respect to the issues argued on this appeal, an issue of fact. That issue of fact was resolved against the defendant by the district associate judge whose decision is supported by substantial evidence in the record considered as a whole. We therefore hold that the district judge erred in reversing the decision of the district associate judge. The judgment of the district court is reversed and the case is remanded for an order affirming the decision of the district associate judge.

REVERSED AND REMANDED.