STATE of Iowa, Appellant,

v.

Leroy Paul LYREK, Appellee.

No. 85–743.

Supreme Court of Iowa.

April 16, 1986.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and Mary E. Richards, Co. Atty., for appellant.

Julia Keifer, Public Defender, Nevada, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE and LAVORATO, JJ.

SCHULTZ, Justice.

This appeal involves the forty-five day speedy indictment requirement of Iowa Rule of Criminal Procedure 27(2)(a). The sole controversy concerns the date the rule 27(2)(a) time period commences for a defendant who is apprehended in another state on an Iowa arrest warrant. In dismissing this action, the trial court determined that more than forty-five days had passed between the date defendant was arrested on the Iowa charge in Minnesota and the date the State filed an indictment. The State contends the rule 27(2)(a) time period does not commence until defendant waives extradition and is taken into custody by an Iowa peace officer. Since we agree with the State, we reverse and remand.

October 16, 1984, a complaint was filed in Story County, Iowa, and an arrest warrant issued against Leroy Paul Lyrek for first-degree robbery. Iowa Code § 711.2. Authorities in Hennepin County, Minnesota, were advised that an arrest warrant for defendant had been issued from Story County. Thereafter, on October 23, defendant was apprehended and taken into custody by the Hennepin County sheriff's department. The booking sheet reveals that defendant was held on the Iowa robbery and a McLeod County, Minnesota, warrant for failure to appear on a DWI charge. Defendant was released to the McLeod County sheriff's office on October 24. October 29 defendant was sentenced to a 15-day jail term; however, he was to be released November 2. On that date defendant was transferred to and taken into custody by the Carver County, Minnesota, sheriff's office. The Carver County sheriff held a warrant on defendant for driving while his license was under suspension. November 5 he was sentenced to serve 15 days in the county jail and on November 7 he escaped from the jail but was subsequently captured.

November 19 formal extradition proceedings were initiated and defendant waived extradition to Iowa on December 10. A day later, December 11, a Story County deputy sheriff picked up defendant and returned him to Iowa. Defendant then made an initial appearance and a preliminary hearing was set. On December 21 trial information was filed charging defendant with first-degree robbery. Following an arraignment and other pleadings, defendant moved to have the robbery charge dismissed. Defendant claimed he was arrested on October 23 and that more than 45 days had elapsed since the date of his arrest without an indictment being returned. See Iowa R.Crim.P. 27(2)(a). The State resisted this motion and an evidentiary hearing was held on the matter. The substance of defendant's evidence at the hearing was that the Hennepin County sheriff's department told him on October 23 he was being arrested for the Iowa robbery. An attorney appointed to represent defendant in Minnesota testified that defendant was aware of the Iowa charge by November 2.

Our speedy trial rule provides that "[w]hen an adult is arrested for the commission of a public offense, ... and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto." Iowa R.Crim.P. 27(2)(a). The trial court determined defendant was arrested on the rob-

bery charge on October 23, 1984, some 59 days prior to the date of the filing of the county attorney's information. The court further determined the State had not shown good cause for such delay. We need not address this latter determination. The trial court then dismissed the robbery charge against defendant for the State's failure to comply with rule 27(2)(a).

The State has consistently maintained the date of arrest for the purpose of rule 27(2)(a) was December 11, the date defendant was taken into custody by the Story County deputy sheriff and returned to Iowa. The basis for the State's resistance to defendant's motion to dismiss at trial is not set out and the prosecutor's statements to the court in this matter were not recorded in the transcript presented to us. On appeal, the State argues the event that triggers the starting time for the purpose of rule 27 must be an objectively verifiable notification. It claims the mere mention of the charge to defendant during an out of state arrest is not sufficient to constitute an arrest under rule 27(2)(a).

In *State v. Boelman*, 330 N.W.2d 794, 795 (Iowa 1983), we discussed the facts necessary to support a decision on the issue of when a defendant is arrested for the purpose of rule 27(2)(a). Our review of the trial court's ruling on this matter is at law; consequently, we are bound by findings of fact supported by substantial evidence unless we determine that the court was wrong as a matter of law. *Id.* In *Boelman* we noted and distinguished our decision in *State v. Eichorn*, 325 N.W.2d 95 (Iowa 1982). 330 N.W.2d at 795. There we held that when authorities bring a new charge against a person already in their custody, the time of arrest for the purpose of rule 27(2)(a) is the time the new charge is filed. *Eichorn*, 325 N.W.2d at 96–97; *see also State v. Sunclades*, 305 N.W.2d 491, 494 (Iowa 1981) (the rule 27(2)(a) time period applies only to the offense for which the defendant was arrested). These cases instruct that the time period under rule 27(2)(a) commences upon the arrest for the offense charged in the existent proceeding. We believe the trial court incorrectly concluded that the Minnesota authorities arrested defendant on the Iowa robbery charge.

 Initially, we examine principles concerning the arrest of a person for a criminal charge in another state. An arrest warrant is ineffective beyond the boundaries of the state by whose authority it was issued. *Drake v. Keeling*, 230 Iowa 1038, 1044, 299 N.W. 919, 922 (1941); 5 Am.Jur.2d *Arrest* § 20 (1962); 6A C.J.S. *Arrest* § 53(a) (1975). "[A] warrant of arrest issued in one state may not be executed in another state." *Drake*, 230 Iowa at 1043, 299 N.W. at 922. We hasten to add, however, that the Minnesota authorities have the power to arrest a person suspected of being a fugitive from justice. Such an arrest for extradition purposes has its origin in article IV, section 2 of the United States Constitution. Moreover, Iowa and Minnesota have adopted the Uniform Criminal Extradition Act which supplements the federal law. Iowa Code ch. 820 (1983); Minn.Stat. §§ 629.01–.29 (1983). When a fugitive is arrested and held for a warrant issued by another state, the fugitive is held under the extradition process until such time as he is placed in the jurisdiction of the state issuing the arrest warrant. 31 Am.Jur.2d *Extradition* § 74 (1967).

 Applying these principles to the present case, we conclude the Minnesota officials had no authority to arrest defendant under the Iowa warrant; rather, the only basis for the arrest was that defendant was suspected of being a fugitive from justice. Until defendant was turned over to the Iowa authorities, he was held to answer either the separate charges in Minnesota or under the extradition process. Extradition is not an inquiry into the merits of a criminal prosecution, but merely a summary proceeding by which a criminal accused can be brought before the appropriate tribunal for adjudication. *State v. Martin*, 252 N.W.2d 438, 441 (Iowa 1977). We believe that acts of the Minnesota authorities in apprehending and holding de-

fendant for extradition proceedings did not trigger the speedy indictment requirement of rule 27(2)(a). The time period of the rule is triggered by the arrest for the existent charge. This occurred when the Story County deputy first obtained custody over defendant's person to transport him to Iowa. *See* 31 Am.Jur.2d *Extradition* § 69 (1967); 35 C.J.S. *Extradition* § 20 (1960). Consequently, the forty-five day period commenced on December 11.

Accordingly, the State complied with the speedy indictment requirement of rule 27(2)(a). The trial court erred as a matter of law in holding to the contrary.

REVERSED AND REMANDED.