**STATE of Iowa, Plaintiff–Appellee,**

v.

**Corvelle BEEKS, Defendant–Appellant.**

No. 87–891.

Court of Appeals of Iowa.

June 29, 1988.

fendant raised the speedy indictment issue and also claims the trial court erred in including a mandatory five-year minimum with the sentence of first-degree robbery. Iowa Code §§ 711.1(2), .2 (1985). We affirm in part and reverse in part.

## I.

■ Defendant claims the trial court erred in failing to dismiss the charges against him for the State's failure to comply with rule 27(2)(a). Our review is at law; we are bound by findings of fact supported by substantial evidence. *State v. Lyrek*, 385 N.W.2d 248, 250 (Iowa 1986).

On the evening of October 17, 1986, an armed robbery occurred at a motel in Story County. That same night, an armed robbery occurred at a motel in Hamilton County. Defendant was arrested shortly after the robbery. He remained in the custody of Hamilton County officials and was detained at the Webster County Jail.

Defendant remained a pretrial detainee in Webster County on the Hamilton County charges. He was transported to Hamilton County, where he pled guilty, and was returned to the Webster County facility as a presentence prisoner on the Hamilton County charge. After sentencing, in Hamilton County, defendant was transferred to the custody of the Director, Division of Adult Corrections. Defendant was incarcerated in the Iowa Men's Reformatory at Anamosa by February 1987.

On October 21, 1986, while defendant was still a pretrial detainee in Webster County, the Webster County Sheriff received a teletype message from the Story County Sheriff. The sheriff read the teletype to defendant on October 21. The teletype stated, "... Ref. Mark Emerson ... and Corvelle Antoine Beeks ... Please advise if you have these subjects in custody and place a hold on them for us. We have warrants on both subjects. Each charged with robbery 1st degree. Bond on each is $28,750...."

Defendant contends he was arrested for purposes of rule 27(2)(a) on October 21, 1986, when the Webster County Sheriff read the teletype to him. The trial infor-

Charles L. Harrington, Appellate Defender, and James Whalen, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Julie Ann Halligan, Asst. Atty. Gen., Mary E. Richards, Co. Atty., and Douglas K. Marek, Asst. Co. Atty., for plaintiff-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This case involves the question of when defendant was arrested for purposes of the forty-five day speedy indictment time period. Iowa Rule of Criminal Procedure 27(2)(a) provides that "[w]hen an adult is arrested for the commission of a public offense, ... and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed...." The term "indictment" includes trial informations. Iowa R.Crim.P. 5(5). The trial court overruled defendant's motion to dismiss the trial information for lack of speedy indictment. Defendant was subsequently convicted. On appeal, de-

mation was not filed by the Story County Attorney until January 21, 1987.

The State argues, and the trial court found, defendant was not arrested within the meaning of rule 27(2)(a) until the Story County Sheriff took custody of defendant at Anamosa on March 4, 1987, and made a return of service on the Story County warrant for defendant's arrest.

Under rule 27(2)(a) the forty-five day time period for indictment commences upon the arrest for the offense charged in the existent proceedings. *Lyrek*, 385 N.W.2d at 250; *State v. Eichorn*, 325 N.W.2d 95, 96–97 (Iowa 1982); *State v. Sunclades*, 305 N.W.2d 491, 493 (Iowa 1981). To learn the meaning of "arrest" as used in rule 27(2)(a), we look to the definition of arrest provided in Iowa Code section 804.5 (1985):

> Arrest is the taking of a person into custody when and in the manner authorized by law, including restraint of the person or the person's submission to custody.

*See State v. Schmitt*, 290 N.W.2d 24, 26 (Iowa 1980). A person not in the custody of county authorities is not arrested by the mere bringing of a charge in that county. *State v. Boelman*, 330 N.W.2d 794, 795 (Iowa 1983).

We agree with the trial court that defendant was not arrested on the Story County charges until he submitted to the custody of the Story County Sheriff on March 4, 1987. Defendant was under arrest on the Hamilton County charges while he was detained at the Webster County Jail.

Defendant relies on *State v. Boelman*, 330 N.W.2d 794, 795 (Iowa 1983), to support his contention he was arrested on the Story County charges when the Webster County Sheriff read him the teletype. In *Boelman* the defendant was incarcerated in Linn County awaiting a probation revocation hearing. While defendant was in jail, Tama County authorities obtained a warrant for her arrest and sent it to Linn County.

On August 10 the application to revoke probation was denied and defendant was to be released from detention on the revocation matter. Due to administrative miscommunication, however, defendant remained in the Linn County jail until August 18 when a Tama County deputy served the warrant on defendant and transported her to Tama County.

Boelman argued she was arrested on August 10 when, she claimed, a Linn County deputy showed her a teletype from Tama County. The supreme court stated that "[w]e assume, without deciding, that if defendant's testimony were true, she would have been arrested on August 10th for purposes of rule 27(2)(a)."

We find defendant's reliance on this dictum from *Boelman* to be misplaced.

Boelman was to have been released on August 10 were it not for the hold request from Tama County. The court found if she had been read the teletype on August 10 stating there was a warrant, she would have been arrested on the Tama County charges at that moment. In the present case, defendant was being detained on the Hamilton County charges the entire time he was at the Webster County Jail.

We find the trial court properly concluded defendant was arrested on March 4, 1987, and the State was in compliance with the speedy indictment rule.

## II.

The trial court sentenced defendant and included a mandatory five-year minimum on account of the use of a firearm. *See* Iowa Code § 902.7 (1985). The State concurs in defendant's argument on appeal that the trial court erred in imposing a mandatory five-year minimum sentence. Defendant was not found to have possessed or displayed a firearm as required by section 902.7.

We reverse the portion of the sentence imposing a mandatory five-year minimum. We affirm defendant's conviction and the remaining sentence.

Costs shall be taxed three-fourths to defendant and one-fourth to the State.

AFFIRMED IN PART AND RE-VERSED IN PART.