# IN THE COURT OF APPEALS OF IOWA

No. 13-0980
Filed April 30, 2014

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**WILLIAM LEWIS KINNEY,**
 Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.

William Lewis Kinney appeals from his conviction for assault with intent to commit sexual abuse, arguing the district court erred in denying his motion to dismiss based upon his speedy indictment rights. **AFFIRMED.**

Van M. Plumb of Plumb Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Steven Foritano, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**POTTERFIELD, P.J.**

William Lewis Kinney appeals from his conviction for assault with intent to commit sexual abuse. He argues the district court improperly denied his motion to dismiss on speedy indictment grounds. We affirm, finding Kinney's speedy indictment rights were not violated.

## I. Facts and proceedings.

Kinney's claim is based upon our speedy indictment rule, which gives him the right to have a trial information filed against him within forty-five days of his arrest:

> 2.33(2) Speedy trial. It is the public policy of the state of Iowa that criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties. Applications for dismissals under this rule may be made by the prosecuting attorney or the defendant or by the court on its own motion.
> a. When an adult is arrested for the commission of a public offense, or, in the case of a child, when the juvenile court enters an order waiving jurisdiction pursuant to Iowa Code section 232.45, and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

Iowa R. Crim. P. 2.33.

On October 23, 2012, Kinney was incarcerated for a parole violation[1] in the Newton Correctional Facility. On October 30, 2012, Kinney was notified he would be allowed to attend the Fort Des Moines work release program. Shortly thereafter, Kinney was informed a preliminary complaint might be filed against him in an unrelated matter. On November 2, 2012, Polk County authorities filed a preliminary complaint and issued a warrant against Kinney in Polk County for

---

[1] The parole violation was not related to the charges at issue in this case.

an act of sexual abuse.  As a result, a "hold" was placed on Kinney on November 14, 2012, by an administrative law judge preventing Kinney from participating in the work release program.

On January 11, 2013, Kinney filed a motion to dismiss the Polk County charges on speedy-indictment grounds, claiming the November 2nd actions amounted to an "arrest" triggering the deadline of rule 2.33(2)(a).  Kinney appeared on the charge in Polk County on January 29, 2013.  A trial information charging Kinney was filed February 8, 2013, more than forty-five days after the warrant issued.

A hearing was held February 22 on the motion to dismiss, and the district court denied the motion on March 11.  Kinney filed a motion to reconsider, which was also denied.  Kinney stipulated to trial on the minutes and was found guilty and sentenced June 3, 2013.  He appeals.

## II.    Analysis.

Our review is for the correction of errors at law, "we are bound by findings of fact supported by substantial evidence."  *State v. Beeks*, 428 N.W.2d 307, 308 (Iowa Ct. App. 1988).  Kinney argues he was in custody for purposes of the speedy indictment rule when the Polk County preliminary criminal complaint was filed and his work release suspended.  The success of his argument depends, at least in part, on the fact Kinney was in state custody—not Polk County custody— at the time the Polk County warrant issued, making his situation multi-jurisdictional.

> We note preliminarily that this case is not governed by *State v. Eichorn*, 325 N.W.2d 95, 96–97 (Iowa 1982).  In that case this court held that when authorities bring a new charge against a person

already in their custody, the time of arrest for purposes of rule 27(2)(a) is deemed to be the time the new charge is filed. In the present case defendant was not in the custody of Tama County authorities when the charge was brought there. Therefore she could not be deemed to be "arrested" by the mere bringing of the Tama County charge.

*State v. Boelman*, 330 N.W.2d 794, 795 (Iowa 1983); *see also Beeks,* 428 N.W.2d at 309 ("We agree with the trial court that defendant was not arrested on the Story County charges until he submitted to the custody of the Story County Sheriff . . . . Defendant was under arrest on the Hamilton County charges while he was detained at the Webster County Jail."). In *Beeks*, as here, the defendant was placed on hold and informed of the charge and warrant more than forty-five days before the trial information was filed. 428 N.W.2d at 308. Our court expressly rejected the argument that this action started the clock for the speedy indictment period, noting, "A person not in the custody of county authorities is not arrested by the mere bringing of a charge in that county." *Id.* at 309.[2]

Kinney's argument centers on the suspension of his work release—his anticipated freedoms were curtailed, he argues, and therefore, the suspension as triggered by the Polk County preliminary complaint and warrant constituted an arrest. *Beeks* involved a request by a second county that the first county put the defendant on a "hold." *Id.* at 308. We did not consider, and do not find now, that a hold or revocation of work release by a different jurisdiction transforms the incarceration into an arrest by another county.

We agree with the district court that *Boelman* and *Beeks* are controlling in this case. Kinney was not in the custody of Polk County when he was informed

---

[2] Kinney makes no argument distinguishing the facts of this case based on his custodial status with the State rather than a different county.

of the hold, the warrant issued, and the preliminary complaint submitted.  He was not arrested on the Polk County charges by the hold.  We affirm the district court.

**AFFIRMED.**