# IN THE COURT OF APPEALS OF IOWA

No. 13-1150
Filed June 25, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES SCOTT MUNSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

A defendant appeals from his conviction of sexual abuse in the third degree and lascivious acts with a child. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Patrick Jennings, County Attorney, and James Loomis, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., Bower, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

James Scott Munson appeals from his conviction of sexual abuse in the third degree and lascivious acts with a child. He asserts the verdict is contrary to the weight of the evidence and therefore the trial court erred in not granting him a new trial. He specifically asserts the trial court did not apply the right standard for evaluating whether a new trial should have been granted and if so, it did not appropriately consider the weight of the evidence and credibility of the witnesses.

## I. Background Facts and Proceedings

Munson was charged by trial information on October 27, 2011, with sexual abuse in the third degree, which was amended on November 3, 2011, to include lascivious acts with a child. The acts upon which the trial information was based were alleged to have taken place between April 1, 2010, and May 20, 2011, when the victim was twelve and thirteen years of age. She was fourteen, and Munson was forty-nine at the time of trial. The victim testified as to encounters with Munson, which included oral sex and the use of his fingers, penis, vibrators, a cucumber, and a K-Y Jelly bottle to penetrate her vaginally. She also testified that he played with her breasts.

When the victim was younger her mother had frequently asked Munson to babysit her. The victim continued to visit Munson in his home and occasionally in her home as she grew older. The victim found some of her mother's sex toys and asked Munson about them. Munson told the victim's mother about her discovery. The mother ordered the victim not to use the sex toys. Munson's sexual encounters with the victim began at about the time of the discussion between Munson and the victim's mother.

The State's case was primarily based on the victim's testimony, which was extensive, explicit, and detailed. Munson admitted to the victim's mother when confronted, and to law enforcement when interviewed, that he had purchased the K-Y Jelly and had given it to the victim. Otherwise, he denied the sexual encounters with the victim.

A nurse conducted a physical examination of the victim and testified that the examination revealed normal development of the victim's sexual organs and no indication of physical injury or penetration of her vagina. She further testified that based on the victim's rendition of what had taken place, it would not be unusual that there would be no physical indication of penetration or presence of a broken hymen.

There was little direct evidence to corroborate the victim's testimony, but it was consistent with surrounding events as to time and contact with Munson. There was no contention that the victim's statements to her mother or the interviewing officers were inconsistent with her testimony at trial. Munson did not testify.

Munson appealed, and the State made a motion to conditionally affirm and remand on the basis that the trial court applied the sufficiency-of-the-evidence test when considering Munson's motion for new trial, rather than a weight-of-the-evidence test as required by *State v. Ellis*, 578 N.W.2d 655, 658-59 (Iowa 1998). The motion came before a supreme court panel, and it was granted. On remand the trial court again denied the motion for a new trial, stating:

> [T]he court has considered the defendant's motion for a new trial as previously submitted and clearly has considered it with the prevailing standard set forth in *State v. Ellis*, and the motion for new

trial is denied. The verdict in this case was not contrary to the weight of the evidence.

## II. Standard of Review

A trial court is granted broad discretion when ruling on a motion for a new trial and when denied, will be reversed only when its reasons are untenable or to an extent clearly unreasonable. *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003).

## III. Error Preservation

Error preservation is generally considered present when the issues to be reviewed have been raised and decided by the district court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Munson's claim for a new trial was properly raised by a motion and ruled on by the trial court.

## IV. Discussion

The trial court may grant a new trial when the verdict is contrary to the law or evidence. Iowa R. Crim. P. 2.24(2)(6). Contrary to the evidence means contrary to the weight of the evidence. *Ellis*, 578 N.W.2d at 658. A weight-of-the-evidence determination involves an analysis of the credibility as it relates to each party. *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008). Munson contends the trial court erred when it made no determination on the record of the victim's credibility, and therefore, it did not apply a weight-of-the-evidence test in denying the motion for a new trial. Munson contends the matter should be remanded to the trial court to make a determination using the correct rule, or alternatively, the matter should be remanded to the trial court for a new trial based on his motion. When considering the motion for a new trial on remand,

the trial court explicitly stated that it had applied the weight-of-the-evidence rule and specifically cited *Ellis*.

Munson asserts further that the trial court did not apply the required test because it did not announce that it had considered the credibility of the victim's testimony. Munson cites no authority for his assumed proposition that the court must provide a detailed assessment of each witness's credibility when denying a motion for a new trial. It is the function of the jury ordinarily to place credibility where it belongs, and the trial court should not disturb the jury's finding, even when the evidence is not balanced, but only when the evidence preponderates heavily against the verdict. *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). The record provides little basis for challenging the victim's testimony or a need to balance the evidence. It is advisable for a trial court to state its reasons for denying a motion for new trial, but even when no reasons are given, there has been no remand when the reasons are evident from the record. *Maxwell*, 743 N.W.2d at 192-193. As in *Maxwell*, there is little or nothing in this record to suggest that the weight of the evidence did not support the jury's verdict of guilt or that the testimony of the victim was not credible. *See id.* at 193. There is a presumption that the court decided the facts necessary to support its ruling. *State v. Boelman*, 330 N.W.2d 794, 795 (Iowa 1983).

There are numerous factual situations that might give rise to the granting of a new trial. Even if it is assumed that a trial court must give specific reasons for denying such a motion beyond stating that the verdict is not contrary to the weight of the evidence, it is only logical that the motion should directly alert the court with clarity and specificity as to why the verdict is contrary to the weight of

the evidence. Munson's motion for a new trial primarily relied on the lack of the State's evidence and did not specifically raise the credibility of the victim. It is difficult to find anything in the record in the form of direct or circumstantial evidence that raised any question as to her credibility.

## V. Conclusion

Based on the record in this matter, the trial court had no duty to specifically address the victim's credibility in denying Munson's motion for a new trial. The trial court used the proper test in denying Munson's motion for a new trial and did not abuse its discretion in doing so.

**AFFIRMED.**