**IN THE COURT OF APPEALS OF IOWA**

No. 14-2015
Filed December 23, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NICHOLAS F. LINGLE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

A defendant appeals his conviction for possessing a controlled substance claiming the district court should have granted his motion to dismiss. **AFFIRMED.**

Joel Walker of Law Office of Joel Walker, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

In this case we are asked to determine whether the defendant's encounter with law enforcement amounted to an arrest for purposes of the speedy indictment rule. We conclude it did not.

## I. BACKGROUND FACTS

On March 27, 2014, an off-duty police officer observed Nicholas Lingle in a car in the parking lot of Hy-Vee with what the officer believed was marijuana. He called in the report, and Officers Dennis Tripp and Joshua Hayes responded to the parking lot. When they came in contact with Lingle, Lingle admitted that he had a bag of marijuana in the car and that it was inside the console. Officer Tripp then removed Lingle from the car, handcuffed him, placed him in the back of the patrol car, and read him his *Miranda* Rights.

Lingle gave the officers permission to search the car. While Officer Hayes was searching the car, Officer Tripp inquired whether Lingle wanted to help himself reduce his legal troubles by providing some information to law enforcement and specifically told Lingle that no charges would be filed if he cooperated. Lingle indicated he was interested in cooperating. During the search, the officers also found drug paraphernalia. Lingle was released at the scene after the search.

Subsequently, Lingle failed to cooperate. On April 23, 2014, he was charged by criminal complaint with the simple misdemeanor offense of possessing drug paraphernalia and was arrested on or about April 24, 2014. On May 13, 2014, the State filed a trial information charging Lingle with the offense

of possessing a controlled substance. Lingle filed a motion to dismiss the controlled substance charge for failure to comply with Iowa Rule of Criminal Procedure 2.33(2)(a), which requires an indictment[1] be filed within forty-five days of an arrest, alleging that he had been arrested on March 27, 2014. Following a hearing, the district court denied the motion to dismiss.

Upon the denial of the motion to dismiss, the case proceeded to a bench trial. The court found Lingle guilty as charged. Lingle filed a timely notice of appeal, challenging the district court's denial of the motion to dismiss.[2]

## II. STANDARD OF REVIEW

We review a district court's decision regarding a motion to dismiss for lack of speedy indictment for correction of errors at law. *State v. Wing*, 791 N.W.2d 243, 246 (Iowa 2010). We are bound by the findings of fact of the district court if they are supported by substantial evidence. *State v. Lyrek*, 385 N.W.2d 248, 250 (Iowa 1986).

## III. DISCUSSION

The right to a speedy indictment articulated in Iowa Rule of Criminal Procedure 2.33(2)(a) is guaranteed by the United States Constitution as well as the Constitution of the State of Iowa. *Wing*, 791 N.W.2d at 246. Pursuant to rule 2.33(2)(a), absent waiver or a good-cause exception, a party must be indicted within forty-five days of his arrest, and a failure to do so requires dismissal. Iowa

---

[1] The county attorney may file a trial information in lieu of an indictment. Iowa R. Crim. P. 2.5(1)

[2] Lingle was also charged and convicted of possessing drug paraphernalia. While a notice of appeal was filed on the paraphernalia conviction, Lingle made no claim in his brief related to that conviction. Therefore, we will not address it further.

R. Crim. P. 2.33(2)(a). The purposes of the speedy-indictment right are to "relieve an accused of the anxiety associated with a suspended prosecution and provide reasonably prompt administration of justice," and to avoid "possible impairment of the accused's defense due to diminished memories and loss of exculpatory evidence." *Wing*, 791 N.W.2d at 246, 247.

The speedy indictment clock starts with the arrest. *Id.* at 246. The definition and manner of arrest are governed by Iowa Code sections 804.5[3] and 804.14[4] (2013) respectively. The Iowa Supreme Court has held a seizure by a peace officer may constitute an arrest for speedy indictment purposes even if the officer does not take the formal steps outlined in chapter 804. *See Wing*, 791 N.W.2d at 247, 48. In *Wing*, the court held,

> When an arresting officer does not follow the protocol for arrest outlined in section 804.14 and does not provide any explicit statements indicating that he or she is or is not attempting to effect an arrest, we think the soundest approach is to determine whether a reasonable person in the defendant's position would have believed an arrest occurred, including whether the arresting officer manifested a purpose to arrest.

*Id.* at 249.

In *State v. Johnson-Hugi*, 484 N.W.2d 599, 601 (Iowa 1992), the Iowa Supreme Court stated that when the "defendant was presented with the specific alternative of *either* cooperating as a confidential informant or being arrested[,]

---

[3] Section 804.5 provides: "Arrest is the taking of a person into custody when and in the manner authorized by law, including restraint of the person or the person's submission to custody."

[4] Section 804.14 provides the notifications required to make an arrest:

> A person making an arrest must inform the person to be arrested of the intention to arrest the person, the reason for arrest, and that the person making the arrest is a peace officer, if such be the case, and require the person being arrested to submit to the person's custody . . . .

her decision to cooperate necessarily precluded the possibility of there being an 'arrest.'" The Iowa Supreme Court reinforced this statement in *Wing*'s footnote: "The court concluded Johnson–Hugi had not been arrested because at the beginning of her encounter with undercover officers she was given a choice between being arrested or cooperating with law enforcement. She chose to cooperate which precluded any reasonable understanding that she was being arrested." *Wing*, 791 N.W.2d at 249 n.9 (citation omitted). The rationale articulated by the *Johnson-Hugi* court was:

> Law enforcement authorities must be accorded latitude in procuring the non-volunteer assistance of private citizens to serve as confidential informants in combating crime. If every such action were deemed to be an "arrest" for purposes of rule [2.33(2)(a)], the time within which authorities could use informants to obtain information would be substantially limited. We refuse to hamstring law enforcement authorities by such a rule.

484 N.W.2d at 602.

Lingle contends according to the facts in this case, a reasonable person in his position would have believed an arrest occurred. He argues the factual scenario in this case is similar to *Wing*. In *Wing*, the defendant admitted during a lawful traffic stop to possessing drugs found in the trunk of his car, was removed from the car, placed in handcuffs, placed in the back of a locked patrol car, and read his *Miranda* rights. *Wing*, 791 N.W.2d at 244, 245. In *Wing*, after the search of the car, the defendant agreed to a search of his house and was transported there by the police officers. *Id.* at 245. Not until additional incriminating evidence was found in the defendant's house did the police officer start to talk with the defendant about the possibility of cooperation. *Id.*

In the present case, Lingle was not transported anywhere and was specifically told no charges would be filed if he cooperated. The discussion of cooperation occurred in the back of the patrol car shortly after the commencement of the encounter. Therefore, we conclude a reasonable person in Lingle's position would not have believed that an arrest occurred. Thus, the trial information was timely filed.

We affirm the district court's denial of Lingle's motion to dismiss.

**AFFIRMED.**

Danilson, C.J., dissents; McDonald, J., concurs specially.

**MCDONALD, Judge.** (concurs specially)

I concur in the majority opinion for the reasons set forth therein and for the additional reasons set forth in Justice Cady's separate opinion in *State v. Wing*, 791 N.W.2d 243 (Iowa 2010).

**DANILSON, Chief Judge.** (dissenting)

I respectfully dissent. If being handcuffed, placed into the back of a patrol vehicle, and read your *Miranda* rights does not constitute an "arrest" under *State v. Wing*, 791 N.W.2d 243 (Iowa 2010), I am not sure what more needs to be shown to establish an arrest. Certainly any reasonable person would conclude they were not free to leave and were under arrest even if the officer subsequently carried on a friendly conversation. More certain is the fact that if the individual tried to leave, the individual would face another charge of interference with official acts under Iowa Code section 719.1(1) (2013) for resisting an arrest. I would reverse.