# IN THE COURT OF APPEALS OF IOWA

No. 15-1574
Filed March 8, 2017

**JASON A. BROWN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jackson County, Mark Smith, Judge.

Jason Brown appeals the district court decision denying his application for postconviction relief. **AFFIRMED.**

Peter W. Stiefel of Stiefel Law Firm, Victor, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Jason Brown appeals the district court's decision denying his application for postconviction relief from his conviction for first-degree robbery. Finding Brown's trial counsel was not ineffective, we affirm.

## I.  Background Facts and Proceedings

Brown was convicted of first-degree robbery, in violation of Iowa Code section 711.2 (2009). Brown and another man entered a bank, threatened the teller with a gun, and stole more than $45,000. Fingerprints were left on the bank door and a bag left behind by the men. These fingerprints were analyzed and found to match Brown. Several witnesses were able to identify Brown from the scene and from a gas station near the bank. A green SUV with Wisconsin license plates was seen near the bank stopped at the gas station, and two men matching the appearance of the bank robbers exited the vehicle. Carisha Turner, a friend of Brown's, was the registered owner of a green SUV, and two witnesses positively identified the car. Evidence recovered from Turner's house included documents related to two large cash transactions for the purchase and repair of a new car for Brown.

Brown was identified as a suspect and located in Wisconsin, where he was incarcerated on unrelated charges. A warrant for his arrest was issued by Iowa authorities on September 15, 2010, and served on September 16, 2010, by Wisconsin authorities. Brown waived extradition to Iowa on October 12. On November 4, Brown posted bond on the Wisconsin charges and Wisconsin authorities notified Iowa officials on November 20 that Brown had waived extradition. Brown was taken to Iowa on December 14.

Brown claimed he was in Wisconsin at the time of the robbery, but his fingerprints were found on the door to the bank and cell phone records placed him in the area of the robbery. Brown also claimed the car he paid $2300 for in cash was bought from a friend on a payment plan. Cedric Dixon, who sold the car to Brown, testified he never knew Brown before the transaction, which occurred five days after the bank robbery, and the car was not paid for in installments. Additionally, Brown paid $1700 in cash to Midas for a transmission repair for this same car.

Brown was convicted, and appealed the conviction, which was affirmed. *State v. Brown*, No. 11-1478, 2012 WL 3590173, at *2 (Iowa Ct. App. Aug. 22, 2012). Brown now claims he received ineffective assistance of counsel as his attorney failed to move to dismiss the trial information as untimely filed. He also claims defense counsel was ineffective for failing to challenge the introduction of "known" fingerprints labeled with his name, without a proper foundation and Brown further claims documents from Verizon Wireless regarding his location were inadmissible hearsay. The district court denied his application. Brown now appeals.

## II. Standard of Review

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* Both elements must be proved by a preponderance of

the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991). Regarding prejudice, "the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 669 (1984).

### III. Ineffective Assistance of Counsel

#### a. Timeliness of Trial Information

Brown claims trial counsel was ineffective for failing to move to dismiss the trial information as untimely filed. If an adult is arrested "and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto." Iowa R. Civ. P. 2.33. The failure of the State to comply with rule 2.33(2)(a) requires absolute dismissal of the charge and prohibits the State from reindicting on the same offense. *State v. Abrahamson,* 746 N.W.2d 270, 273 (Iowa 2008). "Counsel must ensure that the State abides by the time restrictions established in Iowa Rule of Criminal Procedure 2.33." *State v. Utter*, 803 N.W.2d 647, 653 (Iowa 2011).

Brown contests the date of his arrest by Iowa authorities. When Iowa law enforcement located Brown, he was being held in Milwaukee on Wisconsin charges. Iowa law enforcement agents interviewed Brown in connection with the robbery on September 15, 2010. The next day, an Iowa arrest warrant was served on Brown by Wisconsin authorities. Brown waived extradition on October 12, but Wisconsin did not notify Iowa authorities until November 20. On

November 1, Brown posted bond on the Wisconsin charge, though the payment was not recorded until November 4. Brown pled guilty to the Wisconsin charges and was sentenced on November 19 to time served. Brown was taken into Iowa custody and transported from Milwaukee to Jackson County on December 14. He was charged by trial information on December 17.

Brown claims his trial counsel was ineffective for failing to argue he was arrested earlier. Brown claims he was arrested on September 16, the date the Iowa arrest warrant was served, or November 1, the date he posted bond on the Wisconsin charge. Brown relies on our supreme court's holding that an arrest may take place without all conditions described in the code being met. *See State v. Wing*, 791 N.W.2d 243, 248 (Iowa 2010). When an arresting officer does not follow the conditions described in the code and has not made explicit statements indicating an arrest is taking place our supreme court has held "the soundest approach is to determine whether a reasonable person in the defendant's position would have believed an arrest occurred, including whether the arresting officer manifested a purpose to arrest." *Id.*

We disagree with Brown's argument. Under Iowa law, we find Brown was not arrested until December 14, 2010. A defendant in the custody of another state is not arrested by Iowa authorities until the defendant has waived extradition and is transferred to Iowa custody. *See State v. Lyrek*, 385 N.W.2d 248 (Iowa 1986). Therefore, under *Lyrek*, Brown was indicted within forty-five days. Following Brown's theory that he was arrested at the time he received an Iowa arrest warrant while being held by Wisconsin on Wisconsin charges leads

to a result we find to be incompatible with the practical realities of extradition and out-of-state arrests.

We also disagree with Brown's argument a reasonable person would have believed they were arrested by Iowa authorities on September 16 or November 1. Even though Brown was presented with an Iowa warrant, he continued to be held in Wisconsin on separate Wisconsin charges. Brown was not handcuffed on the Iowa charges, he was not booked on the Iowa charges, Iowa authorities did not exert authority over Brown, nor did he submit to their authority. Additionally, Iowa arrest warrants are ineffective outside of the territorially boundaries of our state. *Id.* at 250. Brown additionally claims he was arrested on November 1 when he posted bond on Wisconsin charges. While Brown did post bond on November 1, he continued to be held by Wisconsin as a fugitive from justice. A reasonable person could not believe they had been arrested by Iowa on either of these dates as Wisconsin continued to hold Brown on Wisconsin charges. Therefore, we find Brown's trial counsel was not ineffective for failing to object to the trial information as untimely filed.

### b. Objection to Testimony

Brown objects to the testimony of criminalist Dennis Kern who compared fingerprints found at the scene to "known" fingerprints of Brown without any foundation establishing the "known" fingerprints were Brown's. Brown claims trial counsel was ineffective for failing to object to Kern's testimony as irrelevant. Brown had been fingerprinted many times between the robbery and his trial. At one point he refused to give fingerprints but trial counsel instructed him to comply. Any objection to the foundation of the evidence may have resulted in the

State revealing the attorney had instructed Brown to comply or potentially that Brown had been fingerprinted numerous times before the robbery. At best this would have resulted in a short delay, at worst it would have undermined Brown's trial attorney's credibility. We find this was a strategic trial decision to preserve credibility which "we will not second-guess" and therefore trial counsel was not ineffective. *See State v. Kone*, 557 N.W.2d 97, 102 (Iowa Ct. App. 1996).

Brown also claims cell phone records showing he was in the area of the robbery were hearsay and trial counsel was ineffective by failing to object to the introduction of the records. Jill Herbst, an employee of Verizon Wireless, testified about the cell phone records. However, the custodian of the exhibits was New Star, not Verizon Wireless. We find there was no prejudice to Brown. The State offered other, more compelling evidence Brown was at the scene of the crime. The bank teller and several others identified Brown and fingerprints left at the scene attributed to Brown place Brown at the scene of the robbery. The cell phone evidence does not "undermine confidence in the outcome." *See Strickland*, 466 U.S. at 669. Even if the cell phone record evidence was hearsay and improperly before the court, it cannot rise to the level of *Strickland*-type prejudice in this case.

### c. Cumulative Prejudice

Finally, Brown claims the cumulative prejudice caused by his trial counsel should constitute *Strickland* prejudice. *See State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012). Brown claims that without the testimony regarding the fingerprints or cell phone there is a "reasonable probability that the jury would have reached a different verdict." We disagree. Even discounting that evidence, Brown was

still identified by a witness and an acquaintance, had invited another person to participate in an unspecified crime, invented multiple stories and explanations which all failed under investigation, paid for a new car and significant repairs to that car in cash soon after the robbery, and was associated with the owner of a car identified at the scene of the robbery. We find a jury would not have reached a different verdict and therefore affirm.

**AFFIRMED.**