# IN THE COURT OF APPEALS OF IOWA

No. 14-1211
Filed June 10, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CATRINA LASHAE DIXON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Black Hawk County, David F. Staudt and James C. Bauch, Judges.

　　　　The defendant appeals from her conviction and sentence for theft in the second degree. **AFFIRMED.**

　　　　Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Peter Blink, Assistant County Attorney, for appellee.

　　　　Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

Catrina Dixon appeals from her conviction and sentence for theft in the second degree, in violation of Iowa Code sections 714.1 and 714.2(2) (2013). Dixon maintains she received ineffective assistance from trial counsel. Specifically, she maintains counsel was ineffective for (1) allowing her to plead guilty without a factual basis and for failing to file a motion in arrest of judgment to challenge the plea, (2) failing to file a motion to suppress various statements she made to police officers, and (3) failing to file a motion to dismiss due to a speedy-indictment violation.

Because we find a factual basis supports Dixon's plea, counsel was not ineffective for allowing her to plead guilty. Moreover, because her claims regarding failure to file a motion to suppress and a motion to dismiss are meritless, counsel had no duty to pursue them. We affirm.

**I. Background Facts and Proceedings.**

On January 20, 2013, Waterloo police were dispatched to the home of Juliana and Michael Halsey following a report their home had been vandalized and some items had been stolen. The Halseys reported to the officers that while they were away for the evening, their daughter had allowed a few friends into the home. The friends, including Dixon's minor son, had participated in vandalizing the home by throwing foodstuffs from cabinets, wiping feces on the counter, and soaking the carpets with urine, water, milk, and soda. Additionally, the Halseys reported several items of personal property had been stolen, including pieces of jewelry and a laptop computer.

On January 23, 2013, one of the minors and his aunt voluntarily traveled to the police station and admitted his role in the vandalism and theft. During the interview, the aunt told officers she had heard the police were looking for the minors from Dixon. The aunt stated Dixon told her that the boys had taken some rosaries, a computer, and a GPS. At that time, the Halseys had not yet reported their GPS missing.

The same day, officers executed a search warrant at Dixon's home. The officers read the search warrant aloud and informed everyone present in the home of their *Miranda* rights.[1] The officers asked Dixon how she knew a GPS had been stolen from the Halseys, and she maintained she had heard it from the police. When she was informed that it had not been reported stolen until later, she did not have a response. The officers searched Dixon's bedroom and found a coat, which held some of the stolen jewelry in the pocket. Dixon denied the coat was hers, although it contained her credit cards and identification. She claimed the coat belonged to her mother, who was staying as a guest at that time, but the officers noted that the coat appeared to be a better fit for Dixon than it did her mother. She also initially stated she had not used the credit cards for multiple weeks. After the officers told Dixon they would be able to verify her usage history, she admitted she had used the credit cards within the last week.

On March 22, 2013, Dixon was charged by trial information with theft in the second degree.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966).

The matter went to trial on February 25, 2014. On the first day, Juliana and Michael Halsey testified to the value of the recovered jewelry, with one of the rings appraised at approximately $2500.

After one day of trial, Dixon accepted a plea agreement and entered an *Alford* plea.[2]

Dixon was sentenced on July 7, 2014. In accordance with the agreement, she was sentenced to a term of incarceration not to exceed five years and ordered to pay a fine of $750. Both the fine and sentence were suspended.

Dixon appeals.

## II. Standard of Review.

A defendant may raise an ineffective-assistance claim on direct appeal if she has reasonable grounds to believe the record is adequate for us to address the claim on direct appeal. *State v. Straw*, 709 N.W. 2d 128, 133 (Iowa 2006). If we determine the record is adequate, we may decide the claim. *Id*. We review claims for ineffective assistance of counsel de novo. *Id.* This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

## III. Discussion.

Dixon maintains counsel was ineffective (1) for allowing her to plead guilty without a factual basis and for failing to file a motion in arrest of judgment to challenge the plea, (2) for failing to file a motion to suppress various statements she made to police officers, and (3) for failing to file a motion to dismiss due to a speedy-indictment violation.

---

[2] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

To prevail on a claim of ineffective assistance of counsel, Dixon must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To prove counsel failed to perform an essential duty, she must show "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Dixon must overcome a strong presumption of counsel's competence. *Id.* at 689. To establish prejudice, she must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *State v. Ambrose,* 861 N.W.2d 550, 557 (Iowa 2015). We "will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail." *Brewer v. State,* 444 N.W.2d 77, 83 (Iowa 1989). The claim fails if either element is lacking. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).

We generally preserve ineffective-assistance-of-counsel claims for postconviction-relief proceedings. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011); *see also* Iowa Code § 814.7(3) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822."). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). We prefer to reserve such claims for

development of the record and to allow trial counsel to defend against the charge. *Id.* Here, we find the record is adequate to review all of Dixon's claims.[3]

**A. Factual Basis.**

Dixon maintains there was not a factual basis to support her *Alford* plea and counsel was ineffective for allowing her to plead guilty.

As our supreme court has stated:

> The district court may not accept a guilty plea without first determining that the plea has a factual basis. This requirement exists even where the plea is an *Alford* plea. Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice in such a case is inherent. Therefore, our first and only inquiry is whether the record shows a factual basis for [the defendant's] guilty plea . . . . In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report.

*State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999) (internal citations omitted). Additionally, here Dixon entered an *Alford* plea after trial began, and we will consider that testimony as well. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) ("On a claim that a plea bargain is invalid because of a lack of accuracy on the factual basis issue, the entire record before the district court may be examined.").

---

[3] In identifying the issue or issues presented on appeal, Dixon claims the guilty plea or *Alford* plea was not knowingly, voluntarily, and intelligently entered. However, appellant's brief fails to address this issue, and accordingly, we deem this issue waived. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments."); *see also Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) ("[The] random mention of an issue, without analysis, argument or supporting authority is insufficient to prompt an appellate court's consideration.").

"Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Id.* Here, we review the record to determine if a factual basis supports the charge of theft in the second degree. The elements require that property was stolen, Dixon exercised control over the stolen property, Dixon either knew or reasonably should have known the property was stolen, and she did not intend to promptly return it to the owner or deliver it to a public officer. *See* Iowa Code §§ 714.1. Additionally, because she pled guilty to theft in the second degree, the property must exceed $1000 in value. *See id.* §§ 714.2(2).

Upon our review of the record, we have little difficulty concluding there was an adequate factual basis to support Dixon's guilty plea. Both a police report included in the minutes of testimony and Juliana Halsey's testimony established that multiple pieces of jewelry had been stolen from the Halsey home. The jewelry was recovered from Dixon's home after being found in a coat that had Dixon's credit cards and identification in it. Although Dixon maintained the coat was not hers, it was found in her bedroom and appeared to be her size. Dixon's mother told officers she had loaned Dixon the coat one week before. This circumstantial evidence provides an adequate factual basis to support a finding that Dixon exercised control over the property. Additionally, although Dixon denied knowledge of the stolen items, she had related to others that the stolen items included a stolen computer, jewelry, and a GPS before the Halseys reported their GPS was missing. Michael Halsey's testimony establishes the value of the recovered jewelry at more than $1000.

Because an adequate factual basis supports Dixon's guilty plea, trial counsel was not ineffective for allowing Dixon to plead guilty and did not have a duty to file a motion in arrest of judgment.

**B. Failure to File Motion to Suppress.**

Dixon maintains trial counsel was ineffective for failing to file a motion to suppress the statements she made to police officers in her home. However, it is undisputed that Dixon was given a *Miranda* warning before speaking to officers. Thus, her claim that she was in custody at the time she made the statements is inapposite. Dixon does not contend her statements were involuntarily made.

On these grounds, the district court would have denied any motion to suppress. We will not find counsel incompetent for failing to pursue a meritless issue. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

**C. Failure to File Motion to Dismiss.**

Dixon maintains trial counsel was ineffective for failing to file a motion to dismiss after the State violated the speedy-indictment rule. Dixon maintains she understood herself to be in police custody on January 23, 2013, and this police custody was equivalent to an arrest. Thus, she contends trial information filed on March 22, 2013—fifty-eight days later—was in violation of Iowa Rule of Criminal Procedure 2.33(2)(a).

Dixon appears to believe that "in custody" as it relates to custodial interrogations, and "arrest" are synonymous for the initiation of the speedy-indictment rule, but they are not. Rule 2.33(2)(a) requires that an indictment against the defendant must be brought within forty-five days of an arrest, unless good cause to the contrary is shown or the defendant waived the right. Here,

there is no question that Dixon was not formally arrested on January 23, 2013. The officers did not inform Dixon she was under arrest, did not inform her of a reason for an arrest, and she was not taken to appear before a committing magistrate. *See* Iowa Code §§ 804.14, 804.21(1), 804.22. Rather, Dixon was formally arrested on February 7, 2013, pursuant to an arrest warrant.

Although Dixon maintains she reasonably believed she was under arrest on January 23, 2013, "the reasonable-person rule used to determine the time of a warrantless arrest in *Wing* is narrow and limited to those cases in which an arrest is not promptly followed by any prosecution." *See State v. Penn-Kennedy*, 862 N.W.2d 384, 390 (Iowa 2015) (citing *State v. Wing*, 791 N.W.2d 243, 252–53 (Iowa 2010)). The reasonable-person test is not applicable here, and the speedy-indictment rule was not violated. Thus, counsel had no duty to file the motion to dismiss. *See Brubaker*, 805 N.W.2d at 171.

**IV. Conclusion.**

Because we find a factual basis supports Dixon's plea, counsel was not ineffective for allowing her to plead guilty. Moreover, because the motion to suppress and motion to dismiss were meritless issues, counsel had no duty to pursue them. We affirm Dixon's conviction and sentence.

**AFFIRMED.**