# IN THE COURT OF APPEALS OF IOWA

No. 14-1183
Filed September 10, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CORDERO ROBERT SEALS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

A criminal defendant contends his tampering-with-records charge should have been dismissed because of a speedy-indictment violation. **AFFIRMED**.

Alison Werner Smith of Hayek, Brown, Moreland & Smith, L.L.P., Iowa City, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller and Jean C. Pettinger, Assistant Attorneys General, Louis S. Sloven, Student Legal Intern, Janet M. Lyness, County Attorney, and Elizabeth Beglin, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., Bower, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**TABOR, P.J.**

To avoid facing an outstanding warrant for his arrest in Linn County, Cordero Robert Seals misidentified himself to law enforcement as his brother. Unfortunately for Seals, his brother had pending arrest warrants in Johnson County. Booked on his brother's warrants, Seals spent the night in the Johnson County jail. After Seals admitted the deception, the Johnson County Sheriff transferred him back to Linn County custody, and then filed a complaint charging Seals with tampering with public records, in violation of Iowa Code section 715A.5 (2013).

Seals contends the district court should have dismissed the tampering charge based on a speedy indictment violation because the State filed its trial information more than forty-five days after his arrest. *See* Iowa Rule Crim. P. 2.33(2)(a). Because neither holding Seals on his Linn County warrant nor filing the new complaint constituted an arrest, we affirm the district court's denial of his motion to dismiss.

I.      **Background Facts and Proceedings**

On September 10, 2013, Cordero Robert Seals identified himself to Cedar Rapids police as Cortez Andrew Seals—the name of his brother. The police arrested Seals for two outstanding warrants in Johnson County under that name and transferred him to the custody of the Johnson County Sheriff. In Johnson County, Seals completed all the booking paperwork, including signing his name as Cortez Andrew Seals.

The next morning, Deputies Tyler Schneider, Jeff Gingerich, and John Good were on duty at the Johnson County jail. At around 9:00 a.m. Deputy Schneider noticed the inmate did not look like Cortez Seals, with whom the deputy had prior dealings. The inmate did not have tattoos or other features matching the photographs of Cortez in the law enforcement database. The deputies confronted Seals with this information, and he admitted using his brother's name to avoid serving his own jail sentence in Linn County for a driving offense.

At 9:32 a.m. the deputies contacted Linn County to verify the warrant information. Linn County authorities responded five minutes later confirming they had an outstanding arrest warrant for Seals on a driving while barred offense. They requested Johnson County hold Seals until they could pick him up. The Johnson County deputies transferred Seals to Linn County custody at 10:50 a.m.

At 1:41 p.m. Deputy Schneider filed a complaint against Seals, alleging he tampered with public records by providing his brother's biographical information during the booking process, as well as signing the paperwork under his brother's name. Also on September 11, 2013, a district associate judge signed an arrest warrant based on the complaint. Johnson County deputies arrested Seals on September 26. Seals entered an initial appearance on September 27. The State filed its trial information on November 8, 2013.

On November 20, Seals filed a motion to dismiss claiming he was arrested on September 11 and the trial information was not filed until fifty-eight days later—thirteen days beyond the deadline set in rule 2.33(2)(a). The State argued

no speedy indictment violation occurred because Seals was not arrested until September 26, forty-three days before the filing of the trial information. The district court denied Seals's motion to dismiss.

Seals waived his right to a jury trial and the court found him guilty on a stipulated record. Seals now appeals.

## II.    Standard of Review

We review the district court's interpretation of the speedy indictment rule to correct legal error. *State v. Penn-Kennedy*, 862 N.W.2d 384, 386 (Iowa 2015). If the district court's findings of fact are supported by substantial evidence, we are bound by them. *State v. Wing,* 791 N.W.2d 243, 246 (Iowa 2010).

## III.    Speedy Indictment Analysis

Both the federal and state constitutions guarantee the right to a speedy trial. *See* U.S. Const. amend. XI; Iowa Const art. I, § 10. Our rules of criminal procedure embody this right, providing specific deadlines to protect citizens from undue delays in being charged and tried for public offenses. *State v. Miller*, 818 N.W.2d 267, 271 (Iowa Ct. App. 2012).

Rule 2.33 dictates the time frame within which the State must bring an indictment or file its trial information against an individual arrested for committing a public offense:

> When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant's right thereto.

Iowa R. Crim. P. 2.33(2)(a); *see also* Iowa R. Crim. P. 2.5(5) ("The term 'indictment' embraces the trial information, and all provisions of law applying to prosecutions on indictments apply also to informations . . . ."). For purposes of speedy indictment under rule 2.33(2)(a), a citation issued in lieu of arrest is deemed an arrest. Iowa Code § 805.1(4).

The rule mandating a speedy indictment aims to relieve an accused of the anxiety associated with the suspension of a prosecution, to provide for the reasonably prompt administration of justice, to prevent the loss of evidence, and to maintain a fair process. *Penn-Kennedy*, 862 N.W.2d at 387. The speedy indictment clock starts not with the commencement of the prosecution, but with the arrest. *Id.* ("An arrest is the triggering event to commence the forty-five-day time period to file an indictment under the rule, supplanting the previous version of the rule's use of the date of prosecution as the trigger."); *see also Wing*, 791 N.W.2d at 255 (Cady, J. dissenting).

On appeal, Seals advances two arguments in support of his speedy indictment claim. First, relying on *Wing*, 791 N.W.2d at 247, Seals argues he was arrested for the purposes of rule 2.33 on the morning of September 11 when "he was kept in custody after deputies learned he was not Cortez Seals . . . before the deputies learned there was a warrant out for [his] arrest in Linn County." Second, he claims he was constructively arrested on September 11

when the Johnson County deputy filed a written complaint alleging the tampering-with-records violation. We will address each claim in turn.[1]

### A. *Wing's* Reasonable Person Standard

Arrests are governed by Iowa Code chapter 804. The manner of arrest is outlined in section 804.14. But our supreme court has held a seizure by a peace officer may constitute an arrest for speedy indictment purposes even if the officer does not take the formal steps outlined in section 804.14 "as long as the person making the arrest sufficiently conveys, either through words or conduct, the intent to perform an arrest." *See Wing,* 791 N.W.2d at 247–48. Courts must determine on a case-by-case basis whether a seizure constitutes an arrest, considering whether the suspect is informed of his arrest, is handcuffed or booked, submits to authority, or believes he is free to leave. *See id.* at 248. *Wing* eschewed a bright-line test, stating no one factor was determinative. *Id.* The majority in *Wing* concluded:

> When an arresting officer does not follow the protocol for arrest outlined in section 804.14 and does not provide any explicit statements indicating that he or she is or is not attempting to effect an arrest, we think the soundest approach is to determine whether a reasonable person in the defendant's position would have believed an arrest occurred, including whether the arresting officer manifested a purpose to arrest.

*Id.* at 249.

Seals contends he was arrested on the tampering-with-records offense when Johnson County deputies kept him in custody on the morning of

---

[1] Our analysis relies on the Iowa Supreme Court's recent revisit to the scope and application of the speedy indictment rule in *State v. Penn-Kennedy*, 862 N.W.2d 384, 387-90 (Iowa 2015). Neither the district court nor the parties had the benefit of that opinion when considering the facts here.

September 11, even after learning he was not his brother Cortez, whose warrants had prompted the original booking into jail. Seals argues a reasonable person in his position "would have believed that the continued police restraint on his freedom amounted to an arrest for the crime for which he was questioned by deputies Schneider and Good: tampering with records." *See Wing*, 791 N.W.2d at 252–53.

To assess that argument, we look to the content of the deputies' questioning. When Deputies Gingerich and Schneider confronted Seals about his true identity on the morning of September 11, Seals admitted using his brother's name to avoid serving his own jail sentence in Linn County. That admission prompted the Johnson County deputies to contact Linn County authorities concerning the outstanding arrest warrant; Linn County authorities confirmed having a mittimus for Seals and asked Johnson County to hold him. Seals was back in Linn County custody before 11:00 a.m.

After admitting he had a pending jail sentence in Linn County, and seeing the quick efforts by the Johnson County deputies to transfer him back to Linn County custody, a reasonable person in Seals position would have believed his continued detention in Johnson County was on that pending Linn County warrant. *See Wing*, 791 N.W.2d at 252 (finding reasonable person in Wing's position would have believed an arrest occurred when they admitted possession of contraband). The record does not reveal that the Johnson County deputies told Seals they anticipated filing the tampering charge, and they did not file a complaint on that offense until the afternoon of September 11.

When we consider the totality of Seals's interactions with the Johnson County deputies, we conclude his detention after they learned his true identity was based on his admission to having a Linn County warrant and did not constitute a new arrest triggering the speedy indictment clock. *See State v. Miller*, 818 N.W.2d 267, 277 (Iowa Ct. App. 2012) (noting "our existing speedy-indictment precedents do not require law enforcement to make an arrest based on every crime for which they possess probable cause"). Any anxiety Seals may have experienced waiting to be indicted on the tampering charge in Johnson County was implicated by the power of the prosecution to bring a separate indictment on a different criminal offense any time within the statute-of-limitations period. *See Penn-Kennedy*, 862 N.W.2d at 389–90 (limiting reasonable-person rule in *Wing* to cases where arrest is not promptly followed by any prosecution).

## B. Constructive Arrest

In the alternative, Seals argues he was constructively arrested when Deputy Schneider filed a sworn complaint at 1:41 p.m. on September 11. Seals argues the complaint was the equivalent of a citation in lieu of arrest.[2] "The issuance of a citation in lieu of arrest shall be deemed an arrest for the purpose

---

[2] In support of this proposition, Seals cites *State v. Garcia*, No. 10-1647, 2011 WL 3925731, at *2 (Iowa Ct. App. 2011), in which we concluded the filing of a "citation and complaint" form, even without Garcia's signature or a time and place for his appearance, triggered the speedy indictment rule. To the extent our unpublished decision offered persuasive authority, we recognize it has been invalidated by the following clarification in *Penn-Kennedy*, 862 N.W.2d at 387: "[A] criminal prosecution is commenced upon the filing of the first charging instrument, including the filing of a 'complaint.' Iowa Code § 804.1. . . . The speedy indictment time period, however, does not begin with the commencement of the prosecution but with an arrest."

of the speedy indictment requirements of rule of criminal procedure 2.33(2)(a), Iowa court rules." Iowa Code § 805.1(4).

The State counters that the concept of constructive arrest does not apply to these facts because the deputies did not issue Seals a citation for tampering with records. We agree the complaint filed on September 11 did not constitute a citation in lieu of arrest so as to trigger the speedy indictment clock.

Chapter 805 governs citations in lieu of arrest. "[A] peace officer having grounds to make an arrest may issue a citation in lieu of making an arrest without a warrant or, if a warrantless arrest has been made, a citation may be issued in lieu of continued custody." Iowa Code § 805.1(1). A citation must include the following information: "the name and address of the person, the nature of the offense, the time and place at which the person is to appear in court, and the penalty for nonappearance." Iowa Code § 805.2. Before the peace officer releases the cited person, that person "shall sign the citation" and his or her signature shall "serve as a written promise to appear in court at the time and place specified." Iowa Code § 805.3. The peace officer is required to give a copy of the citation to the person. *Id.* Section 805.4 makes clear that a "complaint" serves a separate purpose from the citation in lieu of arrest: "The law enforcement officer issuing the citation shall cause to be filed a complaint in the court in which the cited person is required to appear, as soon as practicable, charging the crime stated in said notice." Iowa Code § 805.4 (cross referencing section 804.1 which describes commencing a criminal prosecution by filing a complaint before a magistrate).

The complaint filed by Deputy Schneider was not a citation in lieu of arrest. As the district court noted, spaces at the bottom of the complaint form where a peace officer would designate a time and place for the defendant to appear in court were not filled out. The space for the defendant's signature was also left blank. Accordingly, the complaint did not include a promise for Seals to appear and did not fulfill the requirements for a citation in sections 805.2 and 805.3. In addition, the form was not signed by a judicial magistrate.[3]

Our record does not establish that the complaint was served on Seals. Even if we assume it was sent to him, because it was not a citation issued by a peace officer commanding defendant's later appearance, it did not constitute a citation in lieu of arrest under section 805.1(4).

Neither did the court's issuance of an arrest warrant on September 11 constitute an arrest. When the warrant issued on the Johnson County tampering charge, Seals was in the custody of Linn County authorities. "A person not in the custody of county authorities is not arrested by the mere bringing of a charge in that county." *See State v. Waters*, 515 N.W.2d 562, 566 (Iowa Ct. App. 1994) (citing *State v. Beeks,* 428 N.W.2d 307, 309 (Iowa Ct. App. 1988), which relied on *State v. Boelman*, 330 N.W.2d 794, 795 (Iowa 1983)). "A person must be in the custody of county authorities of the county issuing the arrest warrant for a person to be under 'arrest' in that county." *Id.*

---

[3] Even if the form had been signed by a magistrate, our supreme court has declined to extend the constructive arrest doctrine in section 805.1(4) to situations where the magistrate issued a citation under section 804.1. *See State v. Mahan*, 483 N.W.2d 1, 2 (Iowa 1992).

Seals contends on appeal that *Waters* and *Boelman* should be overruled because the distinction between being in custody in different counties is less significant today due to the ease of electronic filings. We are not convinced that electronic filing has any bearing on the question of when an arrest occurs in the county in which criminal charges have been filed. But more critically, because *Boelman* was decided by our supreme court, we are not at liberty to overrule it. *See State v. Miller,* 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed.").

Seals was arrested on September 26 when Johnson County authorities took him into custody on the September 11 warrant. Accordingly, the district court correctly denied his motion to dismiss claiming a speedy indictment violation. Because the State filed its trial information within the required forty-five day window, we affirm the conviction.

**AFFIRMED.**