**IN THE COURT OF APPEALS OF IOWA**

No. 15-1702
Filed November 9, 2016

**NAPOLEON HARTSFIELD,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.


        Napoleon Hartsfield appeals the district court's denial of his

postconviction-relief application. **AFFIRMED.**


        Courtney T. Wilson of Gomez May LLP, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee State.


        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Napoleon Hartsfield appeals the district court's denial of his postconviction-relief (PCR) application. We affirm.

## I. Background Facts and Proceedings

On August 22, 2001, undercover officers purchased crack cocaine from Hartsfield as part of a special investigation targeting street-level narcotics dealers. *See Hartsfield v. State*, No. 07-2118, 2009 WL 2424640, at *1 (Iowa Ct. App. Aug. 6, 2009). As a uniformed officer approached Hartsfield, the officer observed Hartsfield drop a piece of white paper to the ground; the paper later tested positive for cocaine. *Id.* Hartsfield was placed under arrest for possession of a controlled substance, transported to the police station, questioned, issued a nontraffic citation for possession of a controlled substance, and released. *Id.*

On October 10, Hartsfield was arrested on an unrelated charge and served with an arrest warrant for delivery of a controlled substance, arising from the August 22 events. *Id.* On October 16, Hartsfield was charged with possession of a controlled substance, to which Hartsfield pled guilty. *Id.* On October 18, a trial information was filed charging Hartsfield with delivery of a controlled substance, for which he was subsequently convicted by a jury trial. *Id.* Hartsfield appealed, and his appeal was dismissed as frivolous. *Id.* Procedendo issued in February 2003. Hartsfield then filed his first PCR application, which was denied by the district court and that denial was affirmed on appeal. *See id.* at *1, 4. Hartsfield filed his current PCR application on December 27, 2010. In October 2015, a hearing was held.

At the hearing on Hartsfield's present PCR application, Hartsfield alleged his appellate counsel was ineffective for failing to file a petition for further review after this court affirmed the district court's denial of his first PCR application. In his first PCR application, Hartsfield alleged, in relevant part, "his trial counsel was ineffective in . . . failing to move for dismissal of the delivery charge for a speedy indictment violation" because, at the time he was arrested for the charge of possession, he believed he was also arrested for delivery. *Id.* at *2. This was the challenge Hartsfield wanted raised in his application for further review. Hartsfield testified he instructed his appellate counsel to file an application for further review because "the law wasn't clear at the time" and he intended to seek federal habeas corpus relief. Hartsfield further testified he did not learn of this court's affirmance of the denial of his first PCR action in a timely manner, as he received the decision from the clerk of court weeks after the decision was entered.

The State argued Hartsfield's present PCR application was time barred by Iowa Code section 822.3 (2009), as it was filed outside the three-year statute of limitations. *See* Iowa Code § 822.3 (providing "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issue").

In its ruling, the district court denied the State's request for summary disposition based upon section 822.3, stating, "[w]hile this case is arguably barred by the statute of limitations given [Hartsfield's] reference to [the underlying criminal case] in his application, the court is inclined to give [Hartsfield] the

benefit of the doubt given the somewhat confusing procedural history of this case." The district court went on to rule on the merits, finding

> [Hartsfield's] case centers around his allegation that his [appellate counsel] failed to seek further review from an unfavorable ruling in his [first PCR appeal]. It is [Hartsfield's] contention that [his appellate counsel] should have sought further review anticipating the outcome of *State v. Wing*, 791 N.W.2d 243 (Iowa 2010). In other words, [Hartsfield] feels that his case should have been *Wing* before *Wing* was *Wing*.
> . . . .
> The underlying factual issues related to a *Wing* analysis that might have supported [Hartsfield] were resolved in favor of the State in [his first PCR appeal]. [Hartsfield] has failed to show that [his appellate attorney] failed to perform an essential duty and that prejudice resulted. [His appellate counsel] was not obligated to pursue further review that he could rightly consider frivolous, and his failure to do so was not ineffective assistance.

Hartsfield appeals.

## II. Standard and Scope of Review

PCR proceedings, including summary dismissal of PCR applications, are generally reviewed for errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). We review ineffective-assistance-of-counsel claims de novo. *See State v. Tompkins*, 859 N.W.2d 631, 636 (Iowa 2015). In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Id.* at 637. We can resolve ineffective-assistance-of-counsel claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015); *see also Dockery v. State*, No. 13-2067, 2016 WL 351251, at *3 (Iowa Ct. App. Jan. 27, 2016).

### III. Analysis

On appeal, the State maintains its claim Hartsfield's present PCR application is barred by the statute of limitations. As procedendo issued in February 2003, and Hartsfield did not institute the current PCR action until 2010, this matter is clearly untimely under section 822.3. "[I]neffective assistance of counsel does not provide an exception to the limitation period set forth in section 822.3." *Bergantzel v. State*, No. 15-1273, 2016 WL 2745065, at *2 (Iowa Ct. App. May 11, 2016) (citing *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994)); *see also Jackson v. State*, No. 12-1496, 2013 WL 4505114, at *2 (Iowa Ct. App. Aug. 21, 2013) ("Our courts have repeatedly held that 'an application for postconviction relief cannot circumvent the effect of the three-year time bar by merely claiming the ineffective assistance of postconviction counsel.'" (quoting *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995))). Hartsfield alleges the untimeliness is excused because his claim is based upon "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Specifically, Hartsfield argues his postconviction counsel was ineffective for failing to file an application for further review based on *State v. Wing*, 701 N.W.2d 243 (Iowa 2010).

Hartsfield's appeal of his first PCR action was decided by this court on August 6, 2009. The Iowa Supreme Court decided *Wing* on December 3, 2010, well after the statutory time to seek further review had expired. *See State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982) ("We recognize that an attorney need not be a 'crystal gazer' who can predict future changes in established rules of law in order to provide effective assistance to a criminal defendant."). Further,

the conduct of Hartsfield's PCR appellate counsel cannot constitute a "new ground of fact" for section 822.3 purposes. *See Kelly v. State*, No. 12-0838, 2014 WL 4224731, at *1 (Iowa Ct. App. Aug. 27, 2014) (considering claim of "ineffective assistance of postconviction appellate counsel for not seeking further review of [the court of appeals's] decision affirming dismissal of the first application for postconviction relief" and finding "[l]ong-standing precedent by our surpreme court is contrary to [claimant's] position" that the ground-of-fact exception applied); *Jackson*, 2013 WL 4505114, at *2 ("Jackson argues his case is distinguishable as he is claiming his postconviction appellate counsel is ineffective, but our case law is clear that postconviction counsel's conduct does not have a direct impact on the validity of the criminal conviction and does not qualify as a ground of fact that will avoid the limitations period."). Hartsfield claims *Wing* constitutes new law; therefore, his current PCR application is timely because it was instituted within three years of the supreme court's decision in *Wing*. Even assuming *Wing* did constitute new law sufficient to toll the statute of limitations, it does not serve to rescue Hartsfield's claim.

In *Wing*, the Iowa Supreme Court considered when a defendant is arrested for purposes of the speedy indictment rule. 791 N.W.2d at 247. The defendant claimed an earlier encounter with police constituted an arrest, which started the clock by which a speedy indictment had to be filed and made the indictment filed untimely. *Id.* The Iowa Supreme Court considered what circumstances constituted an arrest sufficient to trigger speedy indictment protections and concluded the defendant's earlier encounter with police did constitute an arrest. *Id.* at 247-53.

Here, the parties do not dispute Hartsfield was arrested for possession on August 22, 2001, and issued a nontraffic citation for possession. Instead, Hartsfield claims he believed he was also arrested for delivery. The record establishes Hartsfield was arrested for possession. Hartsfield was subsequently arrested in October and served with an arrest warrant for the delivery charge. As we stated in our prior opinion:

> The facts are clear that the warrantless arrest on August 22, 2001, was for possession of crack cocaine, not for the separate offense of delivery . . . . The arresting officers only served a non-traffic citation for possession. The fact that those officers may have known of the earlier delivery of cocaine, or had probable cause to have arrested the applicant on that charge, does not amount to an arrest.
>
> There is no language in the speedy indictment rule that suggests or infers that it extends to an offense that had not resulted in an arrest. The arrest for the delivery offense occurred on October 10, rather than on August 22, as Hartsfield contends. Even if it were proven that there was some other motive for the arrest on August 22, 2001, that arrest is not transformed into an arrest for a separate offense.

*Hartsfield*, 2009 WL 2424640, at *2-3 (citations omitted); *see also id.* at *3 ("Hartsfield was not arrested on August 22, 2001 for delivery of a controlled substance, the charge relevant to this appeal. Rather, Hartsfield was arrested on October 10, 2001, and a trial information was filed on October 18, 2001. There was no speedy indictment violation.").

As explained by our supreme court in *State v. Penn-Kennedy*, 862 N.W.2d 384, 389 (Iowa 2015), the question addressed in *Wing* was "whether the speedy indictment rule requires the indictment to be filed within forty-five days of the time when the person reasonably believes he was arrested." In *Penn-Kennedy*, the defendant argued "he reasonably believed he was arrested for [operating while

intoxicated] during his police encounter on January 19, 2012." 862 N.W.2d at 389. Specifically, he claimed "the *Wing* rule applies to preclude the prosecution of all crimes a person reasonably believes can be the basis for the arrest if that belief is formed before the police inform the person of the specific crime of arrest and prosecution is commenced on that crime." *Id.* at 389. The supreme court disagreed, noting the concerns addressed in *Wing*—"the anxiety and other pitfalls of a suspended prosecution sought to be ameliorated by the speedy indictment rule"—were not present in *Penn-Kennedy*—where the defendant faced "the power of the prosecutor or grand jury to bring a separate indictment charging a different criminal offense any time within the statute-of-limitations period." *Id.* The supreme court reasoned:

> The speedy indictment rule serves to protect against the pitfalls associated with a suspended prosecution. The rule does not impinge on the power of the prosecutor to select the crime to be prosecuted. Thus, the reasonable-person rule used to determine the time of a warrantless arrest in *Wing* is narrow and limited to those cases in which an arrest is not promptly followed *by any prosecution.*

*Id.* at 390 (emphasis added); *see also State v. Dennison*, 571 N.W.2d 492, 497 (Iowa 1997) ("Clearly, [the defendant's] arrest on the other charges did not preclude the State from filing separate charges arising out of the same incident or episode after the forty-five-day period had expired."). The supreme court reiterated its previous holding "that the forty-five-day period to bring an indictment applies only to the public offense *for which the defendant was arrested* and any lesser included offenses." *Penn-Kennedy*, 862 N.W.2d at 390 (emphasis added) (citing *State v. Sunclades*, 305 N.W.2d 491, 494 (Iowa 1981)). The *Penn-Kennedy* court concluded,

In this case, unlike *Wing*, the prosecution following the arrest was not suspended or delayed by the failure of the State to proceed to an initial appearance based on a complaint charging a public offense. Instead, the State pursued a criminal prosecution for public intoxication, a simple misdemeanor that did not require an indictment, and [the defendant] was in no different position than all other defendants who face the possibility of multiple criminal prosecutions arising out of the same episode.

*Id.* The same is true here. Hartsfield was arrested for possession, for which he received a nontraffic citation. He was subsequently arrested and timely indicted for the delivery offense. The circumstances of *Wing* do not apply to Hartsfield's case.

Accordingly, we affirm the district court's denial of Hartsfield's PCR action as this action was untimely and no exception applies to his claim. *See Grefe & Sidney v. Watters*, 525 N.W.2d 821, 826 (Iowa 1994) ("[W]e are obliged to affirm an appeal where any proper basis appears in the record for a trial court's judgment, even though it is not one upon which the court based its holding.").

**AFFIRMED.**