# IN THE COURT OF APPEALS OF IOWA

No. 16-2100
Filed December 20, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARRYL W. WILKINS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen,
Judge.


        Darryl Wilkins appeals from his convictions and sentences for third-degree
sexual abuse, lascivious acts with a child, and assault with intent to commit sexual
abuse.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant
Attorney General, for appellee.


        Considered by Vogel, P.J., Tabor, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**CARR, Senior Judge.**

Darryl Wilkins appeals from his convictions and sentences for third-degree sexual abuse, in violation of Iowa Code section 709.4(1)(b)(2) (2013); lascivious acts with a child, in violation of section 709.8(1)(a); and assault with intent to commit sexual abuse, in violation of section 709.11(3). On appeal, he argues the trial court erred in denying his motion to dismiss for failure to file the trial information within forty-five days of his arrest and also erred in failing to merge his convictions and sentences. For the following reasons, we affirm.

## I. Background Facts and Proceedings

In May 2015, thirteen-year-old K.K. reported to her mother and to a school counselor that her step-father, Wilkins, had touched her on her vagina under her clothes. At trial, K.K. testified this happened between ten and fifteen different times. Per her testimony, the incidents often followed a pattern. K.K. would often sleep on the couch in the family's living room. Wilkins would sit on the couch with her. He would put his hands down her pants and touch her. This would continue for approximately fifteen minutes. Although K.K. was awake during these incidents, Wilkins would then "wake" her and tell her to go sleep in her bed.

The final incident appears to have been different. The family had acquired a new bed, which had been placed in the living room. K.K.'s brother was sleeping in the bedroom the two shared, K.K. was sleeping in the room her mother and Wilkins ordinarily slept in, and Wilkins was sleeping on the bed in the living room. K.K.'s mother worked nights at the time. One night, Wilkins asked K.K. if he could lie with her, saying he could not sleep on the bed in the living room. K.K. said he could. The same pattern as above occurred. This time, K.K. was sure Wilkins

knew she was awake because afterwards he talked to her and tried to get her to face him. She left the room. Wilkins told her if she did not want it to happen again he would not do it again. She did not say anything to him.

On May 13, Wilkins texted K.K. and said, among other comments, "I left to protect myself from this, do not ever contact me again." The two did not communicate after that text. Instead, Wilkins appears to have left the house and relocated to Illinois.

In June 2015, an arrest warrant issued from the District Court of Scott County. The warrant, however, was not executed until May 2016. On May 8, 2016, Wilkins was taken into custody in Illinois. On May 11, he was brought to Scott County and placed in the local jail. There, on the same date, the arrest warrant was executed and served upon Wilkins. On May 12, he appeared before a magistrate in Scott County. The trial information in this case was filed on June 23. Wilkins pleaded not guilty.

On July 8, Wilkins filed a motion to dismiss the charges for failure to indict within forty-five days. The motion was denied.

The case proceeded to a bench trial. Following trial, Wilkins was found guilty as charged. He was sentenced to concurrent prison sentences of ten years, ten years, and two years, respectively, on the three charges. Wilkins filed a motion for new trial and motion in arrest of judgment claiming the charges and sentences should merge. Those motions were denied. He now appeals.

## II. Standard of Review

We review rulings on motions to dismiss for correction of errors at law. *See State v. Rimmer*, 877 N.W.2d 652, 660 (Iowa 2016).

Generally, we review rulings on motions for new trial or arrest of judgment for abuse of discretion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). We review claims with constitutional dimensions, such as a double jeopardy claim, de novo. *See State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013); *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994). Alleged violations of the merger statute are reviewed for errors of law. *See State v. Stewart*, 858 N.W.2d 17, 19 (Iowa 2015).

## III. Discussion

### A. Motion to Dismiss

Wilkins challenges his indictment on speedy-indictment grounds. "When an adult is arrested . . . and an indictment is not found against the defendant within [forty-five] days, the court must order the prosecution be dismissed." Iowa R. Crim. P. 2.33(2)(a). Wilkins argues he was arrested in Illinois on May 8 but not indicted until June 23, more than forty-five days later. As a result, he argues, his case must be dismissed.

We disagree. An "arrest" made in another state for an Iowa offense is not an arrest that starts the clock for speedy-indictment purposes. *See State v. Gathercole*, 553 N.W.2d 569, 572 (Iowa 1996), *overruled on other grounds by State v. Williams*, 895 N.W.2d 856, 863 (Iowa 2017); *State v. Lyrek*, 385 N.W.2d 248, 250 (Iowa 1986) ("An arrest warrant is ineffective beyond the boundaries of the state by whose authority it was issued."); *Drake v. Keeling*, 299 N.W. 919, 922 (Iowa 1941) ("Unquestionably it will be admitted that a warrant of arrest issued in one state may not be executed in another state."). Wilkins contends *Lyrek*, which

the district court found controlling, is distinguishable from his case. In *Lyrek*, the out-of-state arrest in Minnesota was accompanied by arrests on other local charges. 385 N.W.2d at 249. Here, Wilkins was arrested in Illinois only as a fugitive from Iowa. We think this is a difference without a distinction. The black letter law noted above supports our conclusion that Wilkins could not have been arrested on the Iowa warrant until he was within the State of Iowa. This rule controls regardless of any other reasons for his detention outside of Iowa.

Wilkins was therefore not arrested, at the earliest, until the warrant was executed on May 11.[1] Wilkins was indicted within forty-five days of May 11. His indictment was timely.

### B. Merger / Double Jeopardy

The Double Jeopardy Clause of the Federal Constitution "protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977). In Iowa, the merger doctrine provides "[n]o person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted." Iowa Code § 701.9; *see also* Iowa R. Crim. P. 2.6(2) ("Upon prosecution for a public offense, the defendant may be convicted of either the public offense charged or an included offense, but not both."); *State v. Bullock*, 638 N.W.2d 728, 731 (Iowa 2002).

---

[1] A holding of our supreme court subsequent to Wilkins' arrest makes clear the arrest, were it to happen today, would not be complete until the appearance before the magistrate on May 12. *See Williams*, 895 N.W.2d at 866. However, Wilkins does not ask us to decide whether *Williams* has retroactive effect, so we take no position on that question. *See State v. Smith*, No. 16-0533, 2017 WL 6033880, at *3 (Iowa Ct. App. Dec. 6, 2017). We note the difference between May 11 and May 12 does not change our analysis.

The resolution of both merger and double-jeopardy claims turns on whether the two offenses at issue "involve the same offense." *State v. Lewis*, 514 N.W.2d 63, 69 (Iowa 1994). This question is easily answered here, where the district court found at least three separate acts of physical contact, each of which would be sufficient to sustain any of the three counts of conviction. *See State v. Constable*, 505 N.W.2d 473, 478 (Iowa 1993) ("[B]y engaging in five distinct and separate sex acts, Constable committed five counts of sexual abuse."); *State v. Holderness*, 301 N.W.2d 733, 740 (Iowa 1981) (holding trial court did not err in convicting defendant on two charges where two distinct and separate offenses occurred); *see also State v. Newman*, 326 N.W.2d 788, 793 (Iowa 1982) ("A defendant should not be allowed to repeatedly assault his victim and fall back on the argument his conduct constitutes but one crime."). Each separate act Wilkins committed could be defined as third-degree sexual abuse, a lascivious act with a child, or assault with intent to commit sexual abuse. *See* Iowa Code §§ 702.17(3) (defining "sex act" to include contact between one person's finger or hand and another person's genitalia); 709.4(1)(b)(2) (including as third-degree sexual abuse a sex act committed against a twelve- or thirteen-year-old who is not the actor's spouse); 709.8(1)(a) (defining "lascivious acts with a child" to include, among other things, an adult's nonconsensual fondling of a child's genitalia for the purpose of arousing or satisfying either person's sexual desires); 709.11 (defining "assault with intent to commit sexual abuse" as, among other things, an act that is both an intentional offensive touching and a sex act, when committed against a child).

On our de novo review for purposes of Wilkins' double-jeopardy claim, we find no double jeopardy. On our review for correction of legal error as to his merger

claim, we find no error in the trial court's finding the three charges did not merge. Because Wilkins committed at least three separate acts that would each sustain each of his three charges, we conclude his claim must fail.

## IV. Conclusion

For the foregoing reasons, we affirm Wilkins' convictions and sentences.

**AFFIRMED.**